**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-1055**

───────────────

DEBORAH FERRUCCIO,

        Plaintiff - Appellant,

    v.

TARE DAVIS, in his official capacity as Chairperson, Warren County Board of Commissioners; WARREN COUNTY, NC,

        Defendants - Appellees.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cv-00346-BO)

───────────────

Submitted:  September 1, 2022                    Decided:  September 20, 2022

───────────────

Before THACKER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

Deborah Ferruccio, Appellant Pro Se. Brian Florencio Castro, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina, for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deborah Ferruccio appeals the district court's order granting Defendants' motion for summary judgment and dismissing her 42 U.S.C. § 1983 complaint challenging a 2011 ordinance that regulates noise levels within Warren County, North Carolina. On appeal, Ferruccio challenges the court's finding that her claims were barred by the applicable three-year statute of limitations. For the following reasons, we vacate and remand for further proceedings.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We will uphold the district court's grant of summary judgment unless we find that a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018).

Here, the district court found that Ferruccio's constitutional claims accrued when Defendants passed the noise ordinance in 2011 and therefore concluded that her 2019 complaint was time-barred based on North Carolina's three-year limitations period. However, "the accrual date of a § 1983 cause of action is a question of federal law" and is "governed by federal rules conforming in general to common-law tort principles." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under those principles, it is the standard rule

2

that accrual occurs when the plaintiff has a complete and present cause of action," meaning that "the plaintiff can file suit and obtain relief." *Id.* (cleaned up).

We conclude that Ferruccio did not have a complete and present cause of action until, at the earliest, 2017, when the sound produced by a newly opened racetrack was permitted to exceed the otherwise applicable maximum decibel level pursuant to a high impact land use exemption in the 2011 noise ordinance. Until that time, the exemption had not injured Ferruccio's stated liberty and property interests and, thus, she would have been unable to obtain relief had she filed suit within the three-year period that the district court identified. *See generally Frame v. City of Arlington*, 657 F.3d 215, 221, 238-39 & n. 119 (5th Cir. 2011). The district court's reliance on our cases addressing the "continuing violation" doctrine was inapposite. Unlike the plaintiff in *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1163 (4th Cir. 1991), whose nonconforming outdoor signs were immediately reduced in value by an ordinance that phased those signs out within a five-year grace period, Ferruccio did not "suffer[] actual, concrete injury" when Defendants passed an exemption for high impact land use facilities as part of the noise ordinance in 2011. As we conclude that Ferruccio's claims did not accrue until 2017, her 2019 complaint was therefore timely filed within the limitations period.

Accordingly, we vacate the district court's order and remand for further proceedings. In doing so, we express no opinion on the merits of Ferruccio's claims. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*